UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                            :
JOHN MELICHAREK,                            :
                                            :    OPINION AND ORDER
                         Petitioner,        :
                                            :    09 Civ. 8542 (SAS)
          - against -                       :
                                            :    07 CR 907 (SAS)
UNITED STATES OF AMERICA                    :
                                            :
                         Respondent.        :
------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

    John Melicharek filed a pro se motion to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code ("section 2255"), claiming, *inter alia*, that his trial counsel rendered constitutionally ineffective assistance at the plea negotiation, plea allocution, and sentencing phases of his criminal proceeding.[1] The Government opposed the motion, arguing that petitioner's claims are procedurally barred due to the appellate/collateral attack waiver included in his plea agreement and, alternatively, that they are without merit. For the reasons set forth below, Melicharek's motion

---

[1] *See* Melicharek's Motion to Vacate Sentence in Accordance with 28 U.S.C. § 2255 ("Habeas Motion") at 1-2.

is denied.

## II. BACKGROUND

On June 3, 2008, Melicharek was named, along with seven others, in a nine-count indictment (the "Indictment") relating to organized criminal activity.[2] The charges included conspiracy to commit Hobbs Act extortion (Count One), conspiracy to commit Hobbs Act robbery (Count Three), and possession of a firearm in furtherance of a crime of violence (Count Seven).[3] On June 17, 2008, Melicharek entered into a plea agreement with the Government (the "Plea Agreement"), pleading guilty to Counts One, Three, and Seven.[4]

The Plea Agreement contained stipulations setting forth the manner in which Melicharek's sentence would be calculated under the United States Sentencing Guidelines (the "Guidelines").[5] These stipulations included a six-level increase in Melicharek's base offense level as a result of two sentencing

---

[2] *See id.* at 4; S1 Superseding Indictment ("Indictment"), Ex. A to Government's Opposition to Defendant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, at 1-2.

[3] *See* Habeas Motion at 4-5.

[4] *See id.*; 6/17/08 Letter from AUSA Elie Honig to Defense Attorney Barry Levin ("Plea Agreement"), Ex. B to Habeas Motion, at 1-2.

[5] *See* Plea Agreement at 3-5.

2

enhancements.⁶ *First*, the offense level was increased by three levels because the loss amount exceeded $250,000.⁷ *Second*, the offense level was increased by an additional three levels because Melicharek was a manager/supervisor and the criminal activity involved five or more participants.⁸ Based on a final offense level of 29 and a Criminal History Category of I, Melicharek's Guidelines range was 87 to 108 months in custody for Counts One and Three. Added to this was a consecutive mandatory minimum of sixty months for the gun charge (Count Seven), resulting in an effective Guidelines range of 147 to 168 months imprisonment (the "Stipulated Guidelines Range").⁹

Both parties recognized that the final sentence would be determined solely by this Court which would not be bound by the Guidelines.¹⁰ Nonetheless, Melicharek agreed not to seek a downward departure or adjustment from the Stipulated Guidelines Range.¹¹ Melicharek also agreed that he would neither directly appeal nor collaterally attack any sentence within or below the Stipulated

---

⁶    *See id.* at 4.

⁷    *See id.*

⁸    *See id.*

⁹    *See id.* at 5.

¹⁰    *See id.* at 6.

¹¹    *See id.* at 5.

Guidelines Range.[12]

During Melicharek's plea allocution on June 20, 2008, Magistrate Judge Andrew J. Peck found Melicharek to be fully competent to enter an informed guilty plea.[13] Magistrate Judge Peck confirmed that Melicharek had discussed the Plea Agreement with his counsel in detail and that, before signing, counsel explained to him everything he did not understand.[14] Magistrate Judge Peck reviewed the Stipulated Guidelines Range with Melicharek and specifically called his attention to the waiver-of-appeal provision applicable to any sentence within or below that range.[15] After reviewing the Plea Agreement, Magistrate Judge Peck confirmed that Melicharek was pleading guilty freely and voluntarily.[16] On September 17, 2008, after accepting Melicharek's guilty plea, this Court sentenced Melicharek to 147 months imprisonment, the lowest end of the Stipulated Guidelines Range.[17]

---

[12] *See id.* at 6.

[13] *See* 6/20/08 Plea Transcript ("Plea Tr."), Ex. B to Gov't Mem., at 3-6.

[14] *See id.* at 12-13.

[15] *See id.* at 13-14.

[16] *See id.* at 15.

[17] *See* Habeas Motion at 5.

## III. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence if "the court, in sentencing him or her, violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law."[18] A properly filed motion under section 2255 must allege that: (1) the sentence violated the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[19] Thus, collateral relief under section 2255 is only available for "a constitutional error, a lack of jurisdiction in the sentencing court or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"[20]

### B. Waiver of Collateral Attack of Rights

A defendant's waiver of rights under section 2255 is enforceable so

---

[18] *Thai v. United States*, 391 F.3d 491, 493 (2d Cir. 2005).

[19] *See* 28 U.S.C. § 2255.

[20] *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

long as the waiver is both "knowing and voluntary."[21] To be knowing, the defendant must fully understand "the potential consequences of his waiver."[22] A defendant may waive his or her right to appeal and/or collaterally attack a sentence of a certain length; such a waiver, however, does not foreclose an attack on the validity of the process by which the waiver was procured.[23]

The Second Circuit has consistently recognized the benefits to both defendants and the Government in upholding plea bargain agreements.[24] While the defendant gains limited exposure at sentencing, the Government expends fewer resources. The benefit of the bargain is lost when a defendant can nonetheless collaterally attack his sentence.[25]

### C. Ineffective Assistance of Counsel

A petitioner seeking to attack his sentence based on ineffective

---

[21] *United States v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996).

[22] *Id.*

[23] *See United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) ("[A] plea agreement containing waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").

[24] *See United States v. Quinones*, 511 F.3d 289, 323 (2d Cir. 2007) ("[T]he waiver was entered as part of a plea agreement process that permitted the defendant and the government to allocate risk, to obtain benefits, to achieve finality and to save resources.") (quotation marks omitted).

[25] *See United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000).

assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," *i.e.,* demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[26] Only if both elements are satisfied can a defendant demonstrate that his counsel made errors "so serious" that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that the defendant was deprived of a fair proceeding as a result.[27]

## IV. DISCUSSION

### A. Melicharek's Ineffective Assistance of Counsel Claims Are Procedurally Barred by the Waiver Contained in His Plea Agreement

Melicharek stipulated in his Plea Agreement that he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range (147

---

[26] *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984). *Accord Hernandez v. United States*, 202 F.3d 486, 488 (2d Cir. 2000) ("Under the *Strickland* standard, a petitioner must establish both (1) that counsel made errors so serious that defendant was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense.").

[27] *Strickland*, 466 U.S. at 687.

7

to 168 months imprisonment) set forth [in the Plea Agreement]."[28] Because Melicharek was sentenced to 147 months imprisonment, the bottom of the Stipulated Guidelines Range, Melicharek's ineffective assistance claims attacking the validity of the sentence are barred unless he can show that the Plea Agreement containing the appellate waiver was itself entered into as the result of ineffective assistance of counsel.

Melicharek contends that his trial counsel "did not fully inform him of the consequences of the waiver" and "coerced him into taking the involuntary waiver,"[29] suggesting that the appellate waiver in the Plea Agreement was entered into without the effective assistance of counsel. Petitioner's assertions, however, are not supported by the record and are flatly contradicted by a detailed Affirmation submitted by his trial counsel, Barry Levin.[30] During the plea proceedings, Melicharek confirmed that he was pleading guilty based on the Plea Agreement "freely and voluntarily" and that he understood that he was waiving the right to appeal and/or collaterally attack if sentenced within or below the

---

[28]  Plea Agreement at 6 (hereinafter the "appellate waiver").

[29]  Habeas Motion at 16.

[30]  See 5/3/10 Affirmation of Barry Levin ("Levin Aff.").

Stipulated Guidelines Range.[31] Moreover, in his Affirmation, Melicharek's trial counsel states unequivocally that he thoroughly informed Melicharek of the consequences of the appellate waiver and the benefits of accepting the Plea Agreement as opposed to going to trial.[32] Because Melicharek knowingly and voluntarily agreed not to appeal or collaterally attack any sentence within or below the Stipulated Guidelines Range, and because his trial counsel was not constitutionally ineffective, the appellate waiver must be enforced, leaving Melicharek's remaining ineffective assistance claims procedurally barred.

### B. Melicharek's Ineffective Assistance of Counsel Claims Fail on the Merits

Even if Melicharek had not waived the right to appeal and/or collaterally attack his sentence, his ineffective assistance of counsel claims fail on the merits. Melicharek's remaining ineffective assistance claims are based on allegations that his trial counsel failed to: 1) challenge the $250,000 loss amount and the managerial role sentencing enhancement during the plea negotiation, plea allocution, and sentencing phases; and 2) negotiate the terms of the Plea Agreement in order to protect Melicharek's right to appeal and/or collaterally

---

[31] Plea Tr. at 13-15.

[32] *See* Levin Aff. at 4-5.

attack his sentence.[33] These claims fail because Melicharek cannot show that his trial counsel made errors so serious as to deprive him of his Sixth Amendment right to counsel.

Prior to the conclusion of the plea negotiations, Melicharek faced nine separate counts, including two charges of possession of firearms in connection with crimes of violence pursuant to section 924(c) of Title 18 of the United States Code.[34] Based on these two counts alone, Melicharek faced a possible mandatory minimum sentence of thirty years imprisonment,[35] aside from

---

[33] Melicharek also argues that his counsel was ineffective for failing to challenge the imposition of the consecutive five-year mandatory minimum sentence for Count Seven on the basis of *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008). *Whitley* applies to a defendant facing a mandatory minimum sentence under 18 U.S.C. § 924(c) in addition to a greater mandatory minimum sentence arising from a separate count of conviction. *See id.* at 158 ("Read literally, as we believe the 'except' clause of subsection 924(c)(1)(A) should be, the clause exempts Whitley from the consecutive ten-year minimum sentence for discharging a firearm because he is subject to the higher fifteen-year minimum sentence provided by section 924(e)."). Here, Melicharek was convicted of three counts, only one of which, Count Seven, required a mandatory minimum sentence. Thus, there were no other mandatory minimum sentences with which to compare the sixty-month consecutive sentence on the gun charge (Count Seven). Accordingly, *Whitley* has no application in the instant case and need be addressed any further.

[34] *See* Indictment at 5-8.

[35] *See* 18 U.S.C. § 924(c)(1)(A)(i) (establishing a mandatory minimum sentence of five years imprisonment for the first firearm conviction); *see id.* § 924(c)(1)(C)(i) (establishing a mandatory minimum sentence of twenty-five years imprisonment for a second or subsequent firearm conviction).

the significant penalties he faced based on his exposure to the other seven counts. In his Affirmation, Melicharek's trial counsel states that he negotiated the best deal the Government was willing to offer.[36] Under the terms of the Plea Agreement, Melicharek secured a much more favorable Stipulated Guidelines Range of 147 to 168 months imprisonment, even with the two sentencing enhancements.[37] Therefore, counsel's decision not to challenge the sentencing enhancements and the appellate waiver during plea negotiations, or at the plea allocution, did not amount to ineffective assistance of counsel.

Although this Court was free to determine its own sentence and was not bound by the Stipulated Guidelines Range in the Plea Agreement, Melicharek's counsel's decision not to challenge the two sentencing enhancements at the sentencing phase was not constitutionally deficient. *First*, Melicharek agreed in the Plea Agreement that the Stipulated Guidelines Range containing the two sentencing enhancements at issue was warranted and agreed not to seek any downward departure or adjustment from that range.[38] Had Melicharek's counsel

---

[36] *See* Levin Aff. at 5.

[37] *See id.* ("My advice to [Melicharek] was to calm down and I would continue to negotiate with AUSA Honig. Ultimately, the [G]overnment agreed to a compromise stipulated guideline range of 147-168 months. When Mr. Melicharek was informed of this offer, he advised me to accept same.").

[38] *See* Plea Agreement at 5.

11

challenged the two enhancements at the sentencing proceedings, he would have violated the Plea Agreement and subjected Melicharek to the full penalties of all nine counts of the Indictment, including the thirty-year mandatory minimum related to the gun possession charges. Counsel was not constitutionally ineffective by refusing to violate the terms of a favorable, executed Plea Agreement.

*Second*, as counsel states in his Affirmation, he chose not to challenge the two enhancements because the Government would have been able to prove both of them.[39] Had counsel vigorously challenged the $250,000 loss amount and demanded the *Fatico* hearing offered by this Court to determine the true value of the stolen items,[40] he risked the likelihood of the Government being able to prove an even higher loss amount, resulting in a higher offense level.[41] Given the evidence of Melicharek's role in the home invasions, challenging the managerial role enhancement would have been just as fruitless.[42]

---

[39] *See* Levin Aff. at 2-3.

[40] According to Levin, "Melicharek did not have the funds to hire an expert to independently appraise the coin collection or the other items that were the subject of the Hobbs Act robberies." *Id.* at 3.

[41] *See, e.g.*, United States Sentencing Guidelines § 2B3.1(b)(7)(E) (providing for a four-level increase for a loss greater than $800,000 but less than, or equal to, $1,500,000).

[42] *See* Levin Aff. at 3 ("The evidence in the case was overwhelming based upon review of consensual recordings, all roads led to Mr. Melicharek.").

## V. CONCLUSION

For the foregoing reasons, Melicharek's section 2255 motion is denied. The remaining issue is whether to grant a certificate of appealability ("COA"). For a COA to issue, petitioner must make a "substantial showing of the denial of a constitutional right."[43] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits; petitioner must merely show that reasonable jurists could differ as to whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[44] Petitioner has made no such showing. Accordingly, I decline to grant a certificate of appealability. The Clerk of the Court is directed to close this motion and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
May 13, 2010

---

[43] 28 U.S.C. § 2253(c)(2).

[44] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

13

## - Appearances -

**Petitioner (Pro Se):**

John Melicharek
# 60442-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**For Respondent:**

Elie Honig
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2474