**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

JOHN MELICHAREK,

                   **Petitioner,**

   - against -

UNITED STATES OF AMERICA

                 **Respondent.**
------------------------------------------------------X



**OPINION AND ORDER**

**09 Civ. 8542  (SAS)**

**07 CR 907 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.  INTRODUCTION

John Melicharek ("petitioner" or "defendant") filed a pro se motion to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code ("section 2255"), claiming, *inter alia*, that his trial counsel rendered constitutionally ineffective assistance.[1]  This motion was denied in an Opinion and Order dated May 13, 2010 (the "May 13th Order").[2]  Melicharek, now represented by counsel, moves to vacate the May 13th Order pursuant to Federal Rule of Criminal Procedure 47 and Federal Rule of Civil Procedure 60(b)(1)-(6) in order to allow him to file "answering and supplemental papers" and for other

---

    [1]    *See* Melicharek's Motion to Vacate Sentence in Accordance with 28 U.S.C. § 2255 ("Habeas Motion") at 1-2.

    [2]    *See Melicharek v. United States*, Nos. 09 Civ. 8542, 07 CR 907, 2010 WL 1948492 (S.D.N.Y. May 13, 2010).

appropriate relief.[3]  For the following reasons, Melicharek's motions to vacate and for leave to file a successive petition are denied.

## II.    BACKGROUND

### A.    Prior Proceedings

On June 3, 2008, Melicharek was named in a nine-count Indictment relating to organized criminal activity.  The charges included conspiracy to commit Hobbs Act extortion (Count One), conspiracy to commit Hobbs Act robbery (Count Three), and possession of a firearm in furtherance of a crime of violence (Count Seven).  On June 17, 2008, Melicharek entered into a plea agreement with the Government (the "Plea Agreement"), pleading guilty to Counts One, Three, and Seven.

The Plea Agreement contained stipulations setting forth the manner in which Melicharek's sentence would be calculated under the United States Sentencing Guidelines (the "Guidelines").[4]  These stipulations included a six-level increase in Melicharek's base offense level as a result of two sentencing

---

[3]    Notice of Motion.  In the accompanying Memorandum of Law, counsel states that petitioner "seeks permission to file a successive motion pursuant to 28 USC § 2255[.]"  Memorandum ("Pet. Mem.") at 10.  In the interest of justice, this Court will address both requests for relief.

[4]    *See* Plea Agreement at 3-5.

enhancements.[5]  *First*, the offense level was increased by three levels because the loss amount exceeded $250,000.[6]  *Second*, the offense level was increased by an additional three levels because Melicharek was a manager/supervisor and the criminal activity involved five or more participants.[7]  Based on a final offense level of 29 and a Criminal History Category of I, Melicharek's Guidelines range was 87 to 108 months in custody for Counts One and Three.  Added to this was a consecutive mandatory minimum of sixty months for the gun charge (Count Seven), resulting in an effective Guidelines range of 147 to 168 months imprisonment (the "Stipulated Guidelines Range").[8]

Both parties recognized that Melicharek's sentence would be determined solely by this Court which would not be bound by the Guidelines.[9]  Nonetheless, Melicharek agreed that he would neither directly appeal nor collaterally attack any sentence within or below the Stipulated Guidelines Range (the "appeal/collateral attack waiver provision").[10]

---

[5]    *See id*. at 4.

[6]    *See id.*

[7]    *See id.*

[8]    *See id.* at 5.

[9]    *See id.* at 6.

[10]   *See id.* at 6.

3

During Melicharek's plea allocution on June 20, 2008, Magistrate Judge Andrew J. Peck found Melicharek to be fully competent to enter an informed guilty plea.[11]  Magistrate Judge Peck confirmed that Melicharek had discussed the Plea Agreement with his counsel in detail and that, before signing, counsel explained to him everything he did not understand.[12]  Magistrate Judge Peck reviewed the Stipulated Guidelines Range with Melicharek and specifically called his attention to the appeal/collateral attack waiver provision applicable if the sentence imposed was within or below that range.[13]  After reviewing the Plea Agreement, Magistrate Judge Peck confirmed that Melicharek was pleading guilty freely and voluntarily.[14]  On September 17, 2008, after accepting Melicharek's guilty plea, this Court sentenced Melicharek to 147 months imprisonment, the lowest end of the Stipulated Guidelines Range.[15]

**B.  Melicharek's Current Allegations**

In his Supporting Affidavit, Melicharek seeks to raise the following issues:

---

[11]    *See* 6/20/08 Plea Transcript ("Plea Tr.").

[12]    *See id.* at 12-13.

[13]    *See id.* at 13-14.

[14]    *See id.* at 15.

[15]    *See* Habeas Motion at 5.

4

> Defendant was not provided with a copy of his presentence
> report by counsel.   Counsel proceeded to sentencing
> without receiving in advance the addendum to the
> presentence report, and proceeded to sentencing without a
> knowledge of the factual recitation concerning the "loss"
> computation contained in the presentence report.   Counsel
> did not confer with defendant about the contents of the
> addendum to the presentence report at any time prior to
> sentencing.   Counsel did not furnish defendant with a copy
> of the actual presentence report.   The District Court never
> made inquiry of defendant if he reviewed the presentence
> report, or the addendum to the report, or asked counsel if he
> reviewed the reports with defendant. . . . [16]

Petitioner also claims that he never received a copy of the May 13th Order and,

therefore, never had the opportunity to supplement the record or file a reply before

a decision was rendered.[17]   Finally, petitioner brings an ineffective assistance of

counsel claim on the grounds, *inter alia*, that trial counsel did not challenge the

loss computation at sentencing and did not confer with petitioner about the

addendum to the presentence report at any time prior to sentencing.[18]

## III.   LEGAL STANDARDS

### A.   Section 2255

Section 2255 allows a convicted person held in federal custody to

petition the sentencing court to vacate, set aside or correct a sentence if "the court,

---

[16]     9/10/13 Supporting Affidavit ("Supp. Aff.") ¶ 10.

[17]     *See id.* ¶ 11.

[18]     *See* Pet. Mem. at 10.

5

in sentencing him or her, violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law."[19]   A properly filed motion under section 2255 must allege that:  (1) the sentence violated the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[20]   Thus, collateral relief under section 2255 is only available for "a constitutional error, a lack of jurisdiction in the sentencing court or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"[21]

###   B.   Waiver of Collateral Attack of Rights

A defendant's waiver of rights under section 2255 is presumptively enforceable so long as the waiver is both "knowing" and "voluntary."[22]   To be

---

[19]   *Thai v. United States*, 391 F.3d 491, 493 (2d Cir. 2005).

[20]   *See* 28 U.S.C. § 2255.

[21]   *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[22]   *United States v. Coston,*  --- F.3d ----, No. 12-4622, 2013 WL 6439378, at *1 (2d Cir. Dec. 10, 2013).  *Accord United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) ("We have 'repeatedly upheld the validity of [appeal] waivers' if they are 'knowingly, voluntarily, and competently provided by the defendant.'") (quoting *United States v. Gomez–Perez*, 215 F.3d 315, 318 (2d Cir. 2000) (alteration in original)).

knowing, the defendant must fully understand "'the potential consequences of his waiver.'"[23]  A defendant may waive his or her right to appeal and/or collaterally attack a sentence of a certain length; such a waiver, however, does not foreclose an attack on the validity of the process by which the waiver was procured.[24]

The Second Circuit has consistently recognized the benefits to both defendants and the Government in upholding plea bargain agreements.[25]  While the defendant gains limited exposure at sentencing, the Government expends fewer resources.  The benefit of the bargain is lost when a defendant can nonetheless collaterally attack his sentence.[26]

## IV.   DISCUSSION

### A.   Melicharek's Claims Are Procedurally Barred by the Waiver Contained in His Plea Agreement

Melicharek stipulated in his Plea Agreement that he would not "file a

---

[23]     *Coston,* 2013 WL 6439378, at *1 (quoting *United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996)).

[24]     *See United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) ("[A] plea agreement containing waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").

[25]     *See United States v. Quinones*, 511 F.3d 289, 323 (2d Cir. 2007) ("[T]he waiver was entered as part of a plea agreement process that permitted the defendant and the government to allocate risk, to obtain benefits, to achieve finality and to save resources.") (quotation marks omitted).

[26]     *See United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000).

direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range (147 to 168 months imprisonment) set forth [in the Plea Agreement]."[27]  Melicharek was sentenced to 147 months imprisonment, the bottom of the Stipulated Guidelines Range.   In ruling on petitioner's original section 2255 motion, this Court stated:

> Melicharek contends that his trial counsel "did not fully inform him of the consequences of the waiver" and "coerced him into taking the involuntary waiver," suggesting that the appellate waiver in the Plea Agreement was entered into without the effective assistance of counsel. Petitioner's assertions, however, are not supported by the record and are flatly contradicted by a detailed Affirmation submitted by his trial counsel, Barry Levin.  During the plea proceedings, Melicharek confirmed that he was pleading guilty based on the Plea Agreement "freely and voluntarily" and that he understood that he was waiving the right to appeal and/or collaterally attack if sentenced within or below the Stipulated Guidelines Range.  Moreover, in his Affirmation, Melicharek's trial counsel states unequivocally that he thoroughly informed Melicharek of the consequences of the appellate waiver and the benefits of accepting the Plea Agreement as opposed to going to trial.   Because Melicharek knowingly and voluntarily agreed not to appeal or collaterally attack any sentence within or below the Stipulated Guidelines Range, and because his trial counsel was not constitutionally ineffective, the appellate waiver must be enforced, leaving Melicharek's remaining ineffective assistance claims

---

[27]     Plea Agreement at 6 (hereinafter the "appellate waiver").

procedurally barred.[28]

Accordingly, any and all claims attacking the validity of petitioner's sentence and/or conviction, including any ineffective assistance of counsel claims, are barred by the appeal/collateral attack waiver provision because the Plea Agreement containing that provision was not the product of ineffective assistance of counsel. Thus, there is no reason to vacate the May 13th Order to permit petitioner to assert claims that are barred.

### B.    The Addendum Was Addressed at Petitioner's Sentencing

Petitioner contends that the following issues could not have been included in his original 2255 motion:

> Defendant did not receive a copy of the presentence report prior to sentencing or the August 20, 2008 addendum to the report.  Counsel did not receive a copy of the August 20, 2008, addendum to the presentence report until the day of sentencing.  Further, the Court never made inquiry of defendant if he reviewed the presentence report, or the addendum to the report, or asked counsel if he reviewed the reports with defendant.

Petitioner does not explain why these claims could not have been raised in his original section 2255 motion.  Without a proffered ground for equitable tolling, these claims are time-barred.

Even if I were to address the merits of these claims, they would still

---

[28]      *Melicharek*, 2010 WL 1948492, at *3 (footnotes omitted).

be dismissed.  At petitioner's sentencing, defense counsel alerted this Court to the fact that he had not received the revised presentence report.[29]  Consequently, I reviewed the revisions to the presentence report in open court in painstaking detail.[30]  Thus, petitioner was not prejudiced by any lack of notice in receiving the addendum to the presentence report.[31]  Moreover, in not objecting to the Court's recitation of the revisions to the presentence report,[32] defense counsel effectively waived any of the notice requirements found in Federal Rule of Criminal Procedure 32.  Because petitioner was not prejudiced by his attorney's conduct, any ineffective assistance of counsel claim with regard thereto cannot survive the

---

[29]     *See* 9/17/08 Sentencing Transcript ("Sent. Tr.") at 6.

[30]     *See id.* at 6-9.

[31]     Petitioner cites *United States v. Cole*, 496 F.3d 188 (2d Cir. 2007), for the proposition that failure to give reasonable notice constitutes plain error.  *See* Pet. Mem. at 5.  However, *Cole* is inapposite as the contested notice in that case had to do with the imposition of an above-Guidelines sentence.  *See Cole*, 496 F.3d at 191 ("In this case, the district court *sua sponte* imposed an above-Guidelines sentence, departing 12 months above the highest end of the Guidelines range that it found applicable.  As Cole correctly notes, a district court must provide reasonable prehearing notice of its intent to consider a sentence above the Guidelines range. . . .  The notice given during the course of the sentencing hearing and put into effect less than two hours later was insufficient.  Failure to give such reasonable notice constitutes plain error.") (citations omitted).

[32]     *See* Sent. Tr. at 14.

two-pronged *Strickland* standard.[33]  Finally, at petitioner's sentencing, defense

counsel stated affirmatively that he had reviewed all sentencing materials with his

client.[34]  Accordingly, all of petitioner's presentence report claims are dismissed.

### C.    Petitioner's Trial Counsel Disputed the Loss Amount at Sentencing

Petitioner also argues that his attorney was ineffective because he

proceeded to sentencing without knowledge of the loss computation contained in

the presentence report and did not challenge the loss computation at sentencing.[35]

These claims are factually inaccurate as defense counsel objected to the loss

amount at the sentencing.[36]  Defense counsel's decision to forego a *Fatico* hearing

on the loss amount was a strategic decision, not ineffective assistance.

### D.    Petitioner Filed a Reply to the Government's Opposition

Petitioner claims that he never had the opportunity to file a reply to:

---

[33]    *See Strickland v. Washington*, 466 U.S. 688, 697 (1984) ("Although
we have discussed the performance component of an ineffectiveness claim prior to
the prejudice component, there is no reason for a court deciding an ineffective
assistance claim to approach the inquiry in the same order or even to address both
components of the inquiry if the defendant makes an insufficient showing on one.
In particular, a court need not determine whether counsel's performance was
deficient before examining the prejudice suffered by the defendant as a result of
the alleged deficiencies.").

[34]    *See* Sent. Tr. at 14.

[35]    *See* Pet. Mem. at 10.

[36]    *See* Sent. Tr. at 9-14.

(1) the Government's opposition to his section 2255 motion; and (2) an affidavit submitted by defense counsel Barry Levin (the "Levin Affidavit").[37]   The first claim is factually incorrect as petitioner filed a reply to the Government's opposition entitled "Movant John Melicharek's Response to Government's Opposition to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence."[38]   It is of no moment that petitioner did not have an opportunity to reply to the Levin Affidavit.  A reply was not needed as petitioner had already stated his objections to the advice he received from Levin in his original motion papers.  In any event, this issue should have been raised on appeal of the May 13th Order, not in a motion to vacate.  Accordingly, petitioner's request to re-open the record is denied.

### E.   This Court Cannot Grant Leave to File a Second or Successive Petition

In conclusory fashion, "defendant seeks permission to file a successive motion pursuant to 28 USC §2255 . . . ."[39]   This Court does not have the statutory authority to grant such leave.  According to section 2255,

---

[37]     *See* Supp. Aff. ¶ 11 ("Petitioner never had the opportunity to supplement the District Court @2255 [sic] record before a Decision was rendered, or file a Reply to the Government's Opposition containing the affidavit of attorney Levin.").

[38]     *See* Document # 181 in case number 07 CR 907.

[39]     Pet. Mem. at 10.

> [a] second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate *court
> of appeals* to contain –
>
>> (1)   newly discovered evidence that, if
>> proven and viewed in light of the
>> evidence as a whole, would be
>> sufficient to establish by clear and
>> convincing evidence that no reasonable
>> factfinder would have found the
>> movant guilty of the offense; or
>>
>> (2)   a new rule of constitutional law, made
>> retroactive to cases on collateral review
>> by the Supreme Court, that was
>> previously unavailable.[40]

Accordingly, whether to allow a movant to file a second or successive petition is

within the province of the Second Circuit, not this Court.   Petitioner's request is

therefore denied.

## V.    CONCLUSION

For the foregoing reasons, Melicharek's motion to vacate the May

13th Order is denied.   The remaining issue is whether to grant a certificate of

appealability ("COA").   For a COA to issue, petitioner must make a "substantial

showing of the denial of a constitutional right."[41]   A "substantial showing" does

not require a petitioner to demonstrate that he would prevail on the merits;

---

[40]    28 U.S.C. § 2255(h) (emphasis added).

[41]    *Id.* § 2253(c)(2).

13

petitioner must merely show that reasonable jurists could differ as to whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[42] Petitioner has made no such showing. Accordingly, I decline to grant a certificate of appealability. The Clerk of the Court is directed to close this motion (Docket Entry # 7 in Case No. 09 Civ. 8542).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:          New York, New York
                December 11, 2013

---

[42]     *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

14

**- Appearances -**

**For Petitioner:**

B. Alan Seidler, Esq.
580 Broadway, Room 709
New York, NY 10012
(212) 334-3131

**For Respondent:**

Preet Bharara
United States Attorney - S.D.N.Y.
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-1025